IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID L. KILLINGSWORTH, | ) | 4:11CV3222 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DIANE SABATKA-RINE, Warden, | ) | |
| and ROBERT HOUSTON, Director, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner's Motion for Leave to Amend (filing no. 7) and Motion to Appoint Counsel (filing no. 12).[1]  Also pending is Respondents' Motion for Extension of Time to File Answer.  (Filing No. 13.)  In his Motion for Leave to Amend, Petitioner seeks to clarify the claims already summarized by the court, and seeks to add additional claims to his Petition for Writ of Habeas Corpus (the "Petition").  For good cause shown, the court will allow the amendments.  Condensed and summarized for clarity, the Petition, as amended, asserts three claims:[2]

Claim One:     Petitioner was denied the effective assistance of counsel in violation of the Fourteenth Amendment *because* his trial counsel failed to: (1) raise the issue that police failed to read Petitioner his *Miranda* rights at the time of arrest; (2) challenge the police interrogation of Petitioner; (3) challenge the order permitting Petitioner to be forcibly

---

[1]Petitioner also filed an identical copy of the Motion for Leave to Amend. (Filing No. 10.)  That Motion is denied as duplicative.

[2]Petitioner added Parts 11-14 to Claim One, Parts 5-6 to Claim Two, and Claim Three.  The remainder of the Claims are unchanged from the court's December 23, 2011, Memorandum and Order.

medicated; (4) conduct an adequate investigation prior to Petitioner's preliminary hearing; (5) provide Petitioner with documents, such as police reports and medical records, which may have assisted Petitioner in his own defense; (6) challenge Petitioner's transfer to the Lincoln Regional Center prior to trial; (7) disclose to Petitioner evidence which may have vindicated him and instead "conspired" with officials to guarantee his conviction; (8) properly assert an insanity defense; (9) cross-examine witnesses or investigate witness testimony; (10) pursue a more favorable sentence and file a direct appeal; (11) hire an investigator; (12) get a "speedy and public trial by an impartial jury;" (13) obtain an appropriate plea agreement for Petitioner and instead "coerced him into" an unconscionable plea; and (14) advise Petitioner while he was in sound mind and therefore allowed Petitioner to "forfeit his judicial proceeding."

Claim Two:    Petitioner was denied due process of law in violation of the Sixth and Fourteenth Amendments *because* the trial court: (1) permitted Petitioner to be forcibly medicated prior to, and during, his trial and did not conduct proper competency proceedings; (2) sentenced Petitioner based on bias and prejudice; (3) prevented Petitioner from presenting evidence that he did not receive a *Miranda* rights advisement and that police coerced Petitioner's confession; (4) prevented Petitioner from presenting evidence that he is actually innocent; (5) failed to advise Petitioner regarding the fact that some of his convictions required consecutive sentences which resulted in an "invalid plea;" and (6) failed to advise Petitioner regarding his rights regarding self incrimination.

2

Claim Three:        Petitioner was denied the effective assistance of counsel in violation of the Fourteenth Amendment *because* his appellate counsel failed to raise Claims One and Two on direct appeal.

Liberally construed, the court preliminarily decides that all three of Petitioner's revised claims are potentially cognizable in federal court. Again, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. In light of the amendments, the progression of this matter is revised as set forth below.

Also pending is Petitioner's Motion to Appoint Counsel. (Filing No. 12.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) The court has carefully reviewed the record and finds that there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1.      Petitioner's Motion for Leave to Amend (filing no. 7) is granted. Petitioner may proceed on all three of his Claims as set forth in this Memorandum and Order. Petitioner's duplicative Motion for Leave to Amend (filing no. 10) is denied.

2.      By **March 9, 2012**, Respondents shall file a motion for summary judgment or state court records in support of an answer.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: March 9, 2012:  deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3.      If Respondents elect to file a motion for summary judgment, the following procedures shall be followed by Respondents and Petitioner:

A.      The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

B.      The motion for summary judgment shall be supported by such state court records as are necessary to support the motion.  Those records shall be contained in a separate filing entitled: "Designation of  State Court Records in Support of Motion for Summary Judgment."

C.      Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief shall be served upon Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondents' brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in

4

opposition to the motion for summary judgment.   Petitioner shall submit no other documents unless  directed to do so by the court.

E.      No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief.  In the event that Respondents elect not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.      If the motion for summary judgment is denied, Respondents shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.)  The documents shall be filed no later than 30 days after the denial of the motion for summary judgment.  **Respondents are warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner**.

4.      If Respondents elect to file an answer, the following procedures shall be followed by Respondents and Petitioner:

A.      By **March 9, 2012**, Respondents shall file <u>all</u> state court records which are relevant to the cognizable claims.  *See*, *e.g.*, <u>Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*</u>.  Those records shall be contained in a separate filing entitled: "Designation of  State Court Records In Support of Answer."

B.      No later than 30 days after the filing of the relevant state court records, Respondents shall file an answer.  The answer shall be accompanied by a separate brief, submitted at the time of the

filing of the answer.  Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.   *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.     Copies of the answer, the designation, and Respondents' brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondents' brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.     No later than 30 days following the filing of Respondents' brief, Petitioner shall file and serve a brief in response.  Petitioner shall submit no other documents unless directed to do so by the court.

E.     No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief.  In the event that Respondents elect not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: April 6, 2012: check for Respondents to file answer and separate brief.

5.    No discovery shall be undertaken without leave of the court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6.    Petitioner's Motion to Appoint Counsel (filing no. 12) is denied.

7.    Respondents' Motion for Extension of Time to File Answer (filing no. 13) is granted.  Respondents shall file their Answer and/or other required documents in accordance with the deadlines set forth above.

DATED this 9th day of February, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.