IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID L. KILLINGSWORTH, | ) | 4:11CV3222 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DIANE SABATKA-RINE, Warden, and | ) | |
| ROBERT HOUSTON, Director, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner's Motion for Additional Documents (filing no. 22) and Motion for Inspection of Presentence Investigation (filing no. 23). Also pending is Respondents' Motion for Extension of Time. (Filing No. 24).

In his Motion for Additional Documents, Petitioner requests the production of extensive medical records from three separate institutions over the course of several years, and generally argues the merits of his claims. (Filing No. 20.) Petitioner also seeks to amend his claims for a second time to add a Sixth Amendment claim. (Filing No. 21 at CM/ECF p. 4.) In his Motion for Inspection of Presentence Investigation, Petitioner requests that the court require Respondents to produce Petitioner's state-court presentence investigation report so that Petitioner may review it and "ensure that it is complete." (Filing No. 23 at CM/ECF p. 2.) The court has carefully reviewed the record in this matter and finds that there is no need for the production of any of the requested documents at this stage of the proceedings. Petitioner may argue the merits of his habeas claims at the appropriate time in accordance with the schedule set forth below. In the event that the court deems the requested documents necessary to its resolution of the merits of Petitioner's claims, it will require the production of the documents.

Regarding Petitioner's request for amendment, the court finds that his claims may be amended one additional time. However, as this is Petitioner's second request for amendment and Respondents have already filed a brief on the merits of Petitioner's claims, **no further amendments to his claims will be permitted**. Condensed and summarized for clarity, the

Petition, as amended for the second time, asserts three claims:[1]

> Claim One: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* his trial counsel failed to: (1) raise the issue that police failed to read Petitioner his *Miranda* rights at the time of arrest; (2) challenge the police interrogation of Petitioner; (3) challenge the order permitting Petitioner to be forcibly medicated; (4) conduct an adequate investigation prior to Petitioner's preliminary hearing; (5) provide Petitioner with documents, such as police reports and medical records, which may have assisted Petitioner in his own defense; (6) challenge Petitioner's transfer to the Lincoln Regional Center prior to trial; (7) disclose to Petitioner evidence which may have vindicated him and instead "conspired" with officials to guarantee his conviction; (8) properly assert an insanity defense; (9) cross-examine witnesses or investigate witness testimony; (10) pursue a more favorable sentence and file a direct appeal; (11) hire an investigator; (12) get a "speedy and public trial by an impartial jury;" (13) obtain an appropriate plea agreement for Petitioner and instead "coerced him into" an unconscionable plea; and (14) advise Petitioner while he was in sound mind and therefore allowed Petitioner to "forfeit his judicial proceeding."
>
> Claim Two: Petitioner was denied due process of law in violation of the Sixth and Fourteenth Amendments *because* the trial court: (1) permitted Petitioner to be forcibly medicated prior to, and during, his trial and did not conduct proper competency proceedings; (2) sentenced Petitioner based on bias and

---

[1] Petitioner added references to the "Sixth Amendment" to Claims One and Three. The remainder of the Claims are unchanged from the court's February 29, 2012, Memorandum and Order.

2

>prejudice; (3) prevented Petitioner from presenting evidence that he did not receive a *Miranda* rights advisement and that police coerced Petitioner's confession; (4) prevented Petitioner from presenting evidence that he is actually innocent; (5) failed to advise Petitioner regarding the fact that some of his convictions required consecutive sentences which resulted in an "invalid plea;" and (6) failed to advise Petitioner regarding his rights regarding self incrimination.

>Claim Three: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* his appellate counsel failed to raise Claims One and Two on direct appeal.

The parties are directed to proceed with the resolution of this matter in accordance with the schedule set forth below.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Additional Documents (filing no. 20) is granted only to the extent that Petitioner's claims are amended as set forth in this Memorandum and Order. Petitioner may proceed on all three of his claims as set forth in this Memorandum and Order.

2. The remainder of Petitioner's Motion for Additional Documents (filing no. 20) and Petitioner's Motion for Inspection of Presentence Investigation (filing no. 23) are denied.

3. Respondents' Motion for Extension of Time (filing no. 24) is granted. This matter is progressed to final resolution of the merits of Petitioner's claims as set forth below.

4. By **July 5, 2012**, Petitioner shall file and serve a brief in response to Respondent's Brief (filing no. 19). Petitioner shall submit no other documents unless directed to do so by the court.

5.   No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

6.   The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: August 6, 2012: check for Respondents' reply brief.

7.   No discovery shall be undertaken without leave of the court. *See* [Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts](#).

DATED this 4th day of June, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.