IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID L. KILLINGSWORTH, | ) | 4:11CV3222 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DIANE SABATKA-RINE, Warden, | ) | |
| and ROBERT HOUSTON, Director, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner David L. Killingsworth's ("Killingsworth") Petition for Writ of Habeas Corpus ("Petition"), as amended. (Filing No. 1; Filing No. 25.)  Respondents filed an Answer (filing no. 16), Brief on the merits of the Petition (filing no. 19), and relevant State Court Records (filing no. 15).  Killingsworth filed two separate Briefs on the merits of his Petition.  (Filing Nos. 20 and 26.)  This matter is therefore deemed fully submitted.

## I.   BACKGROUND

On February 5, 2004, Killingsworth pled no contest to two counts of first degree sexual assault on a child, two counts of use of a deadly weapon to commit a felony, and one count of burglary. (Filing No. 15-6 at CM/ECF p. 35.) On March 31, 2004, the Douglas County, Nebraska District Court sentenced Killingsworth to serve a prison term of 20 to 25 years for each first degree sexual assault conviction, 15-20 years for each use of a deadly weapon conviction, and 5-10 years for the burglary conviction, with all sentences to be served consecutively. (*Id.* at CM/ECF pp. 35-37; Filing No. 15-7 at CM/ECF pp. 64-66.)  Killingsworth did not file a direct appeal. (Filing No. 15-1 at CM/ECF p. 4.)

Killingsworth filed a "Motion for Postconviction Relief" in the Douglas County District Court on November 13, 2007, which he amended on November 17,

2008 (together, the "Post Conviction Motion"). (Filing No. 15-6 at CM/ECF pp. 7-14, 38-44.) The Douglas County District Court denied the Post Conviction Motion on October 29, 2009, and Killingsworth filed an appeal of that decision. (*Id.* at CM/ECF pp. 45-48.) The Nebraska Court of Appeals affirmed the denial of post-conviction relief in a detailed opinion. (Filing No. 15-1 at CM/ECF pp. 1-18.) Killingsworth filed a petition for further review with the Nebraska Supreme Court, which denied Killingsworth relief on January 12, 2011. (Filing No. 15-2 at CM/ECF p. 2.) Killingsworth filed his Petition in this court on December 2, 2011. (Filing No. 1.)

## II.   ANALYSIS

### A.   Statute of Limitations

Respondents argue, among other things, that Killingsworth's Petition is barred by the applicable statute of limitations. (Filing No. 19 at CM/ECF pp. 5-7.) The court agrees.

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing § 2244(d)(2)).  There is no indication in this case that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D).  The issue, therefore, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the Douglas County District Court sentenced Killingsworth on March 31, 2004. (Filing No. 15-6 at CM/ECF pp. 35-37; Filing No. 15-7 at CM/ECF pp. 64-66.) Killingsworth did not file a direct appeal.  (Filing No. 15-1 at CM/ECF p. 4.)  The limitations period began to run on May 5, 2004, the day after Killingsworth's convictions and sentences became final.[1]  *See, e.g., Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (holding that, for petitioners who pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the [Supreme

---

[1] Thirty days after March 31, 2004, was April 30, 2004.  However, April 30, 2004 was a Nebraska state holiday, Arbor Day.  (Filing No. 19 at CM/ECF pp. 6-7.)  Thus, Killingsworth had until the following Monday, May 4, 2004, in which to file his direct appeal. *See* Neb. Rev. Stat. §25-2221 (West 2012).

Court] affirms a conviction on the merits or denies a petition for certiorari" but for all other petitioners, the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"); *see also* Neb. Rev. Stat. § 25-1912(1) (West 2012) (providing that a direct appeal from a criminal conviction must be filed "within thirty days after the entry of" the judgment being appealed); *State v. Yos-Chiguil*, 772 N.W.2d 574, 579 (Neb. 2009) ("In a criminal case, the judgment is the sentence."). Thus, the one-year statute of limitations period expired on May 5, 2005, and Killingsworth had until that date to either file his Petition in this court or a motion for post-conviction relief in state court. Killingsworth did neither. Indeed, Killingsworth took no action regarding his claims until he filed his Post Conviction Motion in the Douglas County District Court on November 13, 2007. (Filing No. 15-6 at CM/ECF pp. 7-14.) Thus, even though the time during the pendency of Killingsworth's Post Conviction Motion does not count, that motion was not filed until more than two years after the statute of limitations *had already expired* and therefore does not toll the statute of limitations. In light of this, the court finds that Killingsworth's Petition was not timely filed.

### B.    Equitable Tolling

Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id.* (internal quotation marks omitted). Stated another way, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (quotation omitted).

4

Liberally construed, Killingsworth asserts that he is entitled to equitable tolling because he suffered from mental illness prior to his plea, and was forcibly medicated "through June 6, 2004 until the medications were discontinued." (Filing No. 20 at CM/ECF pp. 3-5, 15; Filing No. 26 at CM/ECF pp. 6-8.)  The Eighth Circuit has rejected a nearly-identical argument.  Indeed, where a petitioner asserts only that his habeas petition's "untimeliness" is due to "apparent mental incompetency at the time of his plea," and that "he needs to develop further how long his mental incompetency continued and whether it affected his ability to file a habeas petition," equitable tolling is not warranted.  *Collins v. Scurr*, No. 99-3775, 2000 WL 1341544, *1 (8th Cir. 2000).  As set forth in *Collins*:

> These bald and unsupported assertions, however, relate to an instance of alleged mental incompetency that occurred at a time remote to his § 2254 petition filing deadline, and absent a showing that [the petitioner] diligently pursued his application . . . and still could not complete it on time due to mental incompetency, [the petitioner] has failed to make the required threshold showing of mental incompetency necessary to equitably toll the statute of limitations and excuse the late filing of his § 2254 petition.

*Id.* (internal quotations and citations omitted).

Here, Killingsworth argues that he was mentally incompetent, and forcibly medicated, throughout his plea negotiations and plea hearing, ending no later than June 6, 2004. (Filing No. 26 at CM/ECF pp. 6-8; Filing No. 20 at CM/ECF pp. 3-5, 15.)  As such, Killingsworth argues, he should be entitled to equitable tolling and discovery of his mental health records to determine the extent of his own mental illness during his plea negotiations and hearing.  (Filing No. 20.)  As in *Collins*, Killingsworth does not set forth anything other than "bald and unsupported allegations" regarding the possibility of mental incompetency.  Further, Killingsworth's mental incompetency claims relate to the period between 2003 and June 6, 2004, a period of time almost entirely "remote to his §2254 petition filing deadline" of May 5, 2005.  Put another way, even assuming Killingsworth was

mentally incompetent until June 6, 2004, he still had 11 months in which to file a petition for writ of habeas corpus or a post conviction motion in Nebraska state court. However, Killingsworth took no action for more than three years after June 6, 2004, and has not shown that he "diligently pursued" his Petition, but "could not complete it on time" due to mental incompetency *after* June 6, 2004. *Collins*, 2000 WL 1341544 at *1. As such, the court finds that there is nothing in the record showing that Killingsworth pursued his rights diligently, nor does it appear that any extraordinary circumstance stood in Killingsworth's way of timely filing his Petition. The court finds that equitable tolling does not apply and Killingsworth's Petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

IT IS THEREFORE ORDERED that:

1.     Petitioner David L. Killingsworth's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice because it is barred by the applicable statute of limitations.

2.     A separate judgment will be entered in accordance with this Memorandum and Order.

3.     All other pending Motions are denied as moot.

DATED this 5th day of November, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.